Argued 25 July; decided 12 August, 1901.

## PARRISH v. HIGINBOTHAM.

[65 Pac. 984.]

ARBITRATION AND AWARD—RULES OF CONSTRUCTION.

1. An award must be confined to the matters arbitrated, or it will be entirely void, unless the objectionable part can be separated and rejected as surplusage; and it will be presumed that only arbitrated questions were passed upon, though the award is expressed in terms broad enough to include others, unless the contrary expressly appears.

AWARD BEYOND THE TERMS OF SUBMISSION.

2. Where, on the termination of a lease by the lessor, the parties submitted to arbitrators the amount to be paid the lessees by the lessor for "the summer fallowing done on the land," and for the seed and feed on the premises, the award was not without the terms of the submission for including an allowance for plowing and for wheat, barley, and hay.

PLEADING COMPLIANCE WITH AN AWARD.

3. Where an award is intended simply to fix the value of certain property for the purpose of some transaction to be thereafter completed between the parties, there must be at least an offer to carry out the proposed transaction before an action can be maintained on the award.

From Sherman : W. L. BRADSHAW, Judge.

Action by M. F. Parrish and Byron Simmons, copartners under the name of Parrish & Simmons, against George P. Higinbotham. · From a judgment in favor of the defendant, the plaintiffs appeal.        AFFIRMED.

For appellants there was a brief over the names of *O'Day & Tarpley* and *Williams, Wood & Linthicum*, with an oral argument by *Mr. Thomas O'Day*.

For respondent there was a brief over the name of *Bennett & Sinnott*, with an oral argument by *Mr. Alfred S. Bennett*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action on an award. The complaint, after alleging that defendant leased to the plaintiffs certain premises for the term of two years, commencing Novem-

ber 7, 1898, and that such lease was terminated by defendant notifying plaintiffs of his election to do so at the end of the first year, further avers, that on September 4, 1899, disputes and differences having arisen between the parties concerning the amount to be paid plaintiffs for plowing and summer fallowing done by them on the premises, and for their share of certain wheat, barley, hay, and feed which defendant agreed to purchase, an agreement to submit such differences to arbitration was entered into, which, so far as the questions in this case are concerned, is as follows : "Whereas, G. P. Higinbotham and M. F. Parrish and Byron Simmons, parties to a farm lease dated November 7, 1898, which is annexed hereto, and made part of this agreement, for the term of two years from the date hereof, being desirous of terminating said lease before the expiration of the term provided therein, to that effect hereby agree by these presents to submit the amount to be paid M. F. Parrish and Byron Simmons, lessees, by said G. P. Higinbotham, lessor, for the summer fallow done on said land by them, the quantity of which is agreed to be six hundred acres (it being understood that the amount of land farmed to grain during the season of 1899 was two hundred and thirty-five acres), and also what amount the said lessor has to pay the lessees for their share of the seed and feed now on said premises, lessor agreeing to purchase lessees' interest in same, to three disinterested arbitrators, resident farmers of Sherman County." It is alleged that thereafter, and on September 7, 1899, the arbitrators made their award, the material parts of which are as follows: " We find that, upon a cancellation of the lease mentioned before at this time, that said G. P. Higinbotham is justly due the said M. F. Parrish and Byron Simmons, after allowing all deductions and credits pro and con, for plowing, summer fallowing, wheat, barley,

hay, and feed, all now on said premises, the sum of seven hundred and eighty-six dollars ($786), which amount we hereby award and adjudge to be due said M. F. Parrish and Byron Simmons by G. P. Higinbotham, to be paid not later than September 20, 1899, at which time the said Parrish and Simmons are to deliver up possession of the leased premises to said Higinbotham, except the house reserved in the order of submission;'' and finally, that defendant has refused, and still refuses, to pay the amount so awarded, or any part thereof, although plaintiffs vacated the premises on September 20, 1899. A demurrer to the complaint because it did not state facts sufficient to constitute a cause of action was sustained, and, plaintiffs declining to plead further, a judgment in favor of the defendant was entered, from which this appeal is taken.

Two objections are urged to the sufficiency of the complaint : (1) That the award is not within the terms of the submission, and therefore void ; and (2) that, so far as the feed and seed are concerned, the arbitrators were simply to fix the price at which the plaintiffs were to sell and the defendant to purchase, and there is no allegation that such sale and purchase were ever consummated. The original lease is not made a part of the complaint, nor are its terms set out. The ruling of the court on the demurrer must, therefore, be considered with reference to the averments of the complaint and the language of the agreement of submission and the award.

1. It is an elementary principle that the first essential of an award is that it be confined to the matters submitted for decision. If not, it is absolutely void *in toto*, unless the objectionable part can be separated from the rest, and regarded as surplusage : 2 Parsons, Cont. (7 ed.) *689 ; 2 Am. & Eng. Ency. Law (2 ed.), 738, 741 ; *Garrow* v. *Nicolai*, 24 Or. 76 (32 Pac. 1036). It will be

presumed, however, that an award does not pass upon matters not submitted, although expressed in such general terms as to include other questions, unless the contrary expressly appears : Morse, Arbit. 441 ; 2 Parsons, Cont. (7 ed.) *700 ; *Solomons* v. *McKinstry*, 13 Johns. *27 ; *Joy* v. *Simpson*, 2 N. H. 179. "This rule is founded on the obvious fact," says the Supreme Court of New Hampshire in the case just cited, "that arbitrators can not, in general, know and investigate subjects not submitted ; and, if their language appears to embrace other subjects, as other subjects may be within their private knowledge, or may be laid before them by one party, the award shall be considered to embrace others, if it be expressly shown that others were investigated. But, unless it be so shown, though their language, from a want of technical precision, may be too general, the presumption is that they performed nothing beyond their duty." And Mr. Morse says : "It has 'been settled that an award, though expressed in such general terms as to include all disputes, may, in its operation, be restricted to the particular disputes submitted.' * * * And, unless it be expressly shown that the arbitrators have investigated matters not included in the submission, 'though their language, from a want of technical precision, may be too general, the presumption is that they performed nothing beyond their duty.'"

2. Within these principles, the award in question is presumptively valid. By the agreement of submission, the arbitrators were to determine (1) the amount to be paid plaintiffs by defendant for six hundred acres of summer fallow, and (2) the amount defendant should pay for the purchase of plaintiffs' share of the seed and feed then on the premises ; and the court will not presume that other questions were considered and passed

upon merely because the terms of the award are broad enough to include them. It is true, the award says that an allowance was made for plowing, and for wheat, barley, and hay; but, in the absence of proof to the contrary, it will be assumed that these items were embraced in the summer fallowing, seed, and feed mentioned in the questions submitted to the arbitrators. So, also, it will be presumed that the deductions and credits allowed by the arbitrators were proper to be considered in determining such questions. Upon the face of the award, therefore, it can not be said to be broader than the submission.

3. We are of the opinion, however, that the other objection to the complaint is well taken. It appears, not only from the agreement of submission, but from the complaint, that the last clause of the agreement was, in effect, in aid of an executory contract between the parties. By it the arbitrators were not to determine an amount already due plaintiffs from the defendant, but to fix the price of certain property, which defendant agreed to purchase at the amount to be so determined; in other words, it was designed to make certain that which had previously been uncertain in the executory contract. When the amount to be paid for the feed and grain was ascertained by the arbitrators, it simply put the executory contract in the same condition it would have been had the parties themselves agreed upon the price at the time the contract was made. Before such an award can be enforced, the plaintiff must allege and prove performance, or an offer of performance, on his part: 1 Am. & Eng. Ency. Law (1 ed.), 716. There is no such allegation in the complaint, and for that reason it is insufficient, and the judgment of the court below must be affirmed.

AFFIRMED.